1
2
3
4
5

Alexandra K. Piazza (SBN 341678)
apiazza@bm.net
**BERGER MONTAGUE PC**
401 B Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 489-0300
Facsimile: (215) 875-4604

6
7

*Attorneys for Plaintiffs, the Aggrieved*
*Employees, and the putative California Class*

8

*[Additional counsel listed on following page]*

9
10
11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PATRICIA YOUNG AND PHILLIP
JACKSON, as "aggrieved employees"
on behalf of other similarly situated
"aggrieved employees" under the Labor
Code Private Attorney General Act of
2004,

     Plaintiffs,

v.

PREMIUM RETAIL SERVICES,
INC.,

     Defendant.

Case No.  **'23 CV 1515 CAB BGS**

**CLASS AND REPRESENTATIVE
ACTION COMPLAINT**
(1) Failure to Provide Regular
Pay/Minimum Wages
(2) Failure to Provide Overtime
Premium Pay
(3) Failure to Authorize, Permit
and/or Make Available Meal and
Rest Periods
(4) Failure to Maintain and Provide
Accurate and Compliant Wage
Records
(5) Failure to Reimburse Work
Related Expenses
(6) Waiting Time Penalties
(7) Violation of CA's Unfair
Business Practices
(8) Civil Penalties Under the Private
Attorneys' General Act, Labor
Code §§2698, *et seq.*

**DEMAND FOR JURY TRIAL**

Camille Fundora Rodriguez*
(PA 312533, NJ 01764-2011)
crodriguez@bm.net
Mariyam Hussain*
(IL 6304816)
mhussain@bm.net
Olivia Lanctot*
(NJ 415612023, MD 2211290005)
olanctot@bm.net
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

* *pro hac vice* forthcoming

## CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiffs Patricia Young and Phillip Jackson ("Plaintiffs"), through their undersigned counsel, individually, and on behalf of all persons similarly situated, bring this lawsuit against Defendant Premium Retail Services, Inc. ("Premium" or "Defendant") seeking all available remedies under California wage-and-hour laws, including the Private Attorneys General Act ("PAGA") of the California Labor Code. The allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## INTRODUCTION

1.     Defendant Premium Retail Services, Inc., is a retail solutions company that provides retail merchandising, strategy, and support to companies nationwide. Premium employs individuals such as Plaintiffs and those similarly situated, to audit and stock product, build product displays, and update product pricing and signage.

2.     This case is about Premium's failure to comply with California wage laws, as well as its failure to properly pay Plaintiffs and similarly situated individuals who have worked for Premium in the job titles of Retail Specialists, Retail Zone Specialists, Retail Merchandisers, Reset Team Leads, Merchandising Team Members, and other similar roles, however titled (collectively, "Merchandisers"), for all the time they have worked—including all overtime hours worked—as was required to display products in retail outlets and promote the sale of Premium Retail's clients' products

3.     California Labor Code §§ 2698 *et seq.* grants California employees the right to bring a civil action for violation of any provision of the Labor Code on behalf of themselves and other current or former employees to recover civil penalties. In passing PAGA, the California Legislature "declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement

agencies had declined and were unlikely to keep pace with future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to recover civil penalties for Labor Code violations." *Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009).

4.     PAGA permits aggrieved employees to collect the civil penalties authorized by law and normally collectible by the Labor and Workforce Development Agency ("LWDA") or any of its departments or divisions. *See* Cal. Lab. Code § 2699(a). Because the action is brought on behalf of the state, 75% of the fees collected are distributed to the LWDA for the enforcement of labor laws and for the education of employers and employees. The remaining 25% is shared between the aggrieved employees. *See* Cal. Lab. Code § 2699(i).

5.     PAGA provides that any civil penalty assessed and collected by the LWDA for violations of applicable provisions of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

6.     California Labor Code § 2699.3 governs PAGA actions for civil penalties arising from violations of California Labor Code §§ 201-203, 226, 510, 511, 1174, 1182.11, 1182.12, 1194, 1197, 1198, and 2802, which provisions require employers to: pay employees for all hours worked; to pay employees no less than one-and-one-half times their regular rate of pay for all hours worked over eight in a work day or over forty in a work week; to provide employees meal and rest breaks; to maintain and provide employees with timely, accurate, itemized wage statements; to pay all outstanding wages immediately when an employee quits or is discharged; and to reimburse employees for work-related expenses

7.     Pursuant to Labor Code § 2699.3(a)(1)(A), before commencing a civil action, an aggrieved employee must first give notice by online filing with the LWDA and by certified mail to the employer of the alleged violations, including

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

the facts and theories supporting the allegations. If the LWDA fails to investigate the alleged violations within sixty-five calendar days of the date of the notice, then the aggrieved employee may file a civil action to seek penalties.

8.    On April 30, 2021, Plaintiff Patricia Young provided written notice of these alleged violations, including the facts and theories supporting her allegations, to the LWDA via online submission, with a certified copy mailed to Defendant. More than sixty-five calendar days have passed since the date notice was provided to the LWDA and Defendant. Accordingly, Plaintiffs have satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendant for violations of California Labor Code§§ 201-203, 226, 226.7, 510, 511, 1174, 1182.11, 1182.12 1194, 1197, 1198, 2802, and 17200.

## **JURISDICTION AND VENUE**

9.    California Labor Code §§ 2698 *et seq.* grants California employees the right to bring a civil action for violation of any provision of the Labor Code on behalf of themselves and other current or former employees to recover civil penalties. This Court has jurisdiction over Plaintiffs' state-law claims under 28 U.S.C. § 1332.

10.    Venue is proper in the Southern District of California because Premium is subject to personal jurisdiction in this District.

11.    Premium is subject to personal jurisdiction before this Court because it has purposefully availed itself of the privileges of conducting activities throughout the State of California and established minimum contacts sufficient to confer jurisdiction. Premium transacts business in California, advertises in California, and markets to California consumers. The violations of the law forming the basis of this lawsuit occurred in California. Further, Premium employs California residents. Therefore, the assumption of jurisdiction over Premium will not offend traditional notions of fair play and substantial justice and is consistent

with the constitutional requirements of due process. Premium also had and continues to have continuous and systematic contacts with the State of California sufficient to establish general jurisdiction over it.

## PARTIES AND PERSONAL JURISDICTION

12.    Plaintiff Patricia Young resides in Imperial Beach, California. Plaintiff has worked for Defendant as a Retail Merchandiser in California from approximately January 6, 2020 to the present. Plaintiff Young is a non-exempt employee and is compensated on an hourly basis.

13.    Plaintiff Phillip Jackson resides in Buena Park, California. Plaintiff Jackson worked for Defendant as a Retail Merchandiser in in California, Pennsylvania, Nevada, and New Jersey from approximately October 2021 to August 2023. Plaintiff Jackson was a non-exempt employee and was compensated on an hourly basis.

14.    The California Class are all current and former hourly-paid Retail Specialists, Retail Zone Specialists, Retail Merchandisers, Reset Team Leads, Merchandising Team Members, and other similar roles who have worked for Premium in California during the time period from March 14, 2018[1] until resolution of this action (the "California Class").[2]

15.    The aggrieved employees are all current and former hourly-paid Retail Specialists, Retail Zone Specialists, Retail Merchandisers, Reset Team Leads, Merchandising Team Members, and other similar roles who have worked for Premium in California between April 30, 2020 (one year prior to Plaintiff Young's PAGA notice), and the present (the "PAGA Aggrieved Employees").

16.    The California Class and the PAGA Aggrieved Employees are

---

[1] There is tolling applicable to the California class action allegations as Plaintiff Young is an Opt-In Plaintiff in *Fraga v. Premium Retail Servs.*, Civil Action 21-10751-WGY (D. Mass.). On March 14, 2022, the Court in the *Fraga* matter ordered that the case be closed without entry of judgment, pending an appeal to the First Circuit. The order provided that "all material statutes of limitations are tolled as of the date of the filing of the complaint herein as to all matters raised therein." Tolling has continued since that time.

[2] *See Fraga*, No. 1:21-cv-10751, Dkt. No. 67 (D. Mass. Mar. 14, 2022)

together referred to as the "Classes" and the members of the Classes as "Class Members."

17.    Plaintiffs reserve the right to redefine the Classes prior to notice or certification, and thereafter, as may be warranted or necessary.

18.    Defendant Premium Retail Services, Inc. is a registered Missouri corporation that does business in the state of California. Premium Retail provides merchandising support to retailers as a third-party labor agency nationwide. Defendant's clients include, for example, Best Buy, Walgreens, Rite Aid, and Ulta. *See* https://premiumretail.com/ (last visited Aug. 8, 2023).

19.    Defendant's corporate headquarters is located at 618 Spirit Drive, Chesterfield, Missouri, 63005. Premium may be served with process by serving its registered agent at the same address.

20.    At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d) and California law.

21.    Plaintiffs and Class Members, as defined above, were and are employees of Defendant within the meaning of 28 U.S.C. § 203(e), California state law, and California Labor Code § 500-558.

22.    The unlawful acts alleged in this Complaint were committed by Premium or Premium's officers, agents, employees, or representatives, while actively engaged in the management of Premium's businesses or affairs and with the authorization of Premium.

23.    At all material times, the unlawful conduct against Plaintiffs and Class Members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Premium. At all relevant times, the unlawful conduct described in this Complaint was reasonably foreseeable by Premium and committed under actual or apparent authority granted by Premium such that all unlawful conduct is legally attributable to Premium.

24.    Defendant had, and continues to have, annual gross business volumes

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

## **FACTUAL ALLEGATIONS**

25.    Plaintiffs incorporate herein by reference the allegations set forth above.

26.    Defendant provides retail merchandising, strategy, support, and advocacy solutions to retailers nationwide.

27.    Defendant provides retail merchandising services to retail store companies who have made the business decision not to conduct their merchandising internally and instead rely on third-party labor agencies such as Defendant. *See* https://premiumretail.com/merchteam/ (last visited Aug. 8, 2023).

28.    On a weekly basis, Defendant deploys thousands of Merchandisers across all 50 states to visit more than 8,000 retail locations. *See* https://premiumretail.com/merchteam/ (last visited Aug. 8, 2023).

29.    Plaintiffs and Class Members were employed by Defendant as non-exempt employees to perform merchandising services for Defendant's clients.

30.    Plaintiff Young worked as a Retail Merchandiser for Defendant from approximately January 2020 to the present in California, providing retail merchandising services to Defendant's customers throughout San Diego County.

31.    Plaintiff Jackson worked as a Retail Merchandiser for Defendant from approximately October 2021 until August 2023 in California, Pennsylvania, Nevada, and New Jersey, providing retail merchandising services to Defendant's customers throughout California, Pennsylvania, Nevada, and New Jersey.

32.    Merchandisers' primary job duties include but are not limited to include receiving, sorting, and preparing point-of-purchase ("POP") display materials for each assignment, traveling to assigned stores, auditing and stocking product, building product displays, updating product pricing and signage, and performing regular product "resets."

33.   "POP" materials include coupons and signage designed to highlight and advertise clients' products. Premium sends POP materials directly to Merchandisers' homes several times per week. All or substantially all POP materials come from locations outside of California.

<u>**Defendant Failed to Pay for Time Spent Driving Between**</u>
<u>**Jobsites During the Workday**</u>

34.   Plaintiffs and Class Members are regularly required to drive between different jobsites during the workday. Plaintiffs and Class Members are not compensated for their travel time between jobsites during the workday.

35.   Defendant assigns Merchandisers, including Plaintiffs and Class Members, to a zone of store locations based primarily on the Merchandisers' geographic location. Merchandisers fulfill their job assignments by traveling to these preassigned jobsites weekly.

36.   A jobsite is typically a big-box retailer where Merchandisers may be asked to perform several types of projects for Defendant's clients, such as building product displays or updating pricing and signage, often using point-of-purchase (POP) materials.

37.   Plaintiffs' typical workday often included travel to multiple retailers, which could be between two (2) and seven (7) retailers in the same workday.

38.   Upon arrival to each jobsite, Plaintiffs and Class Members clock in using 360 (formerly known as QTrax), which is an enterprise management system utilized by Defendant to perform a variety of in-house and client-facing functions, including job assignments to Merchandisers.

39.   Upon departure from each jobsite, Plaintiffs and Class Members clock out using 360.

40.   The length of Plaintiffs' assignment at each jobsite varies from thirty (30) minutes to as long as eight (8) hours.

41.   Plaintiff Jackson spent up to two (2) hours or more commuting between jobsites during each workday. The assigned jobsites between which

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jackson drove during his workday were often five (5) to ten (10) miles apart.

42.     Plaintiff Young spends up to up to thirty (30) minutes commuting between jobsites during each workday. The assigned jobsites between which Plaintiff Young drives during her workday are often five (5) to ten (10) miles apart.

43.     Routine road traffic and occasional dangerous driving conditions often triggered longer drive times between jobsites.

44.     Defendant does not include time that Merchandisers spend driving for Defendant between different jobsites during the workday in its computations of hours worked.

45.     This uncompensated drive time is integral and indispensable to Plaintiffs' and Class Members' main job duties, was required by Defendant, and was performed for Defendant's benefit.

46.     Plaintiffs' and Class Members' drive time is compensable under the continuous-workday rule because this time spent transporting between Defendant's jobsites during the workday is solely for the benefit of Defendant.

47.     Defendant's systematic practice of not paying Plaintiffs and Class Members for time spent driving between jobsites during the workday deprived Plaintiffs and Class Members of wages earned, including minimum wage, straight time, and overtime compensation.

48.     The unpaid time spent driving between Defendant's jobsites, including overtime, is more than *de minimis*.

### **Plaintiffs and Class Members Worked Off-The-Clock**

49.     Plaintiffs and Class Members routinely worked off-the-clock each workweek.

50.     Once merchandising job assignments are disseminated via 360, Merchandisers are responsible for meeting Defendant's job assignment deadlines as agreed between Defendant and its customers.

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

51.     Part of Plaintiffs' and Class Members' job duties include mapping out job assignments, opening and sorting shipped POP displays required by each job assignment prior to arriving at each jobsite, taking stock of material required by each job assignment, and matching displays with the appropriate project.

52.     POP displays are work supplies typically required for performing Merchandisers' work activities.

53.     For example, Plaintiff Jackson recalls that he spent fifteen (15) to thirty (30) minutes each workday mapping out assignments and preparing all necessary POP displays. Plaintiffs understood that other Class Members engaged in similar assignments at the direction of Defendant.

54.     Defendant, however, paid Plaintiffs and Class Members only for work performed from the time they arrived at each worksite until the time they left the jobsite.

55.     Defendant's practice of not paying Plaintiffs and Class Members for work that they performed off-the-clock deprived Plaintiffs and Class Members of wages earned, including minimum wage, straight time, and overtime compensation.

**Class Members Are Not Paid Overtime Compensation**

56.     Plaintiffs and Class Members regularly worked more than eight hours in a day and more than forty (40) hours per week. Plaintiffs observed other Class Members working similar hours at the direction of Defendant.

57.     Plaintiffs' and Class Members' off the clock work, including time spent sorting materials and traveling to and from jobsites further extended the workdays of Plaintiffs and Class members in excess of eight hours in a workday and in excess of forty (40) hours in a workweek.

58.     Defendant did not pay Plaintiffs and Class Members for all hours worked in excess of eight or twelve in a day and forty (40) hours in a workweek.

59.     Plaintiffs and Class Members regularly worked four (4) to seven (7)

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

days per week. Plaintiffs observed that other Class Members were paid similarly.

60.    Defendant's pay policy, in which Plaintiffs and other Merchandisers are not compensated for all hours worked and at the correct rate of pay for all hours worked over eight in a day, over twelve (12) in a day, and over forty (40) in a workweek, violates California law.

## CLASS ACTION ALLEGATIONS

61.    Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the California Class as defined above.

62.    The members of the California Class are so numerous and dispersed that joinder of all the members is impracticable. Upon information and belief, there are more than 100 members in the California Class.

63.    Plaintiffs will fairly and adequately represent and protect the interests of the California Class because there is no conflict between the claims of Plaintiffs and those of the California Class, and Plaintiffs' claims are typical of the claims of the California Class. Plaintiffs' undersigned counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like the one at bar.

64.    There are questions of law and fact common to the proposed California Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Premium has violated and continues to violate California state law through their policies and practices of not paying their Plaintiffs and the California Class for all hours worked and overtime compensation.

65.    Plaintiffs' claims are typical of the claims of the California Class in the following ways, without limitation: (a) Plaintiffs are members of the California Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the California Class; (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the California

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the California Class; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the California Class members.

66.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual Class members. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The California Class is readily identifiable from Defendant's own employment records. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying adjudications with respect to individual California Class members that would establish incompatible standards of conduct for Premium.

67.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the California class members, while substantial, are not great enough to enable them to maintain separate suits against Premium.

68.    Without a class action, Defendant will retain the benefit of their wrongdoing, which will result in further damages to Plaintiffs and the California Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION
### Failure to Provide Regular Pay/Minimum Wages
### Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1
### Cal. Code Regs. tit. 8, § 11090
### (On Behalf of Plaintiffs, the California Class, and PAGA Aggrieved Employees)

69.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

70.     During the applicable statutory period, California Labor Code §§ 1182.11, 1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required that Defendant's hourly employees receive the minimum wage for all hours worked.

71.     Section 2(H) of IWC Wage Order No. 9-2001 defines "hours worked" as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72.     California Labor Code § 1194(a) provides as follows:

"Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum or overtime compensation, including interest thereon, reasonable attorneys' fees and costs of suit."

73.     California Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

74.     California Labor Code §1197.1 provides, in part:

"(a) Any employer or other person acting either

12

individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, and liquidated damages payable to the employee. . . .”

75. As alleged throughout, Plaintiffs and Class Members are not compensated for all hours worked.

76. Plaintiffs and Class Members did not enter into legally binding agreements with the Defendant to work for a lesser wage.

77. Premium, pursuant to its policies and practices, knowingly fails to pay wages to Plaintiffs and Class Members for all their hours.

78. Defendant's conduct, as alleged herein, violates the aforementioned regulations because throughout the applicable time period, Defendant's policies, practices and procedures resulted in a failure to compensate Plaintiffs and Class Members for all hours worked.

79. Premium requires Plaintiffs and Class Members to work off-the-clock without compensation for their work performed in service of fulfilling Premium's policies and procedures. Premium requires Plaintiffs and Class Members to drive between jobsites during the workday but only pays Plaintiffs and Class Members for time spent at each jobsite. Premium also requires Plaintiffs and Class Members to map out assignments and sort and prepare all necessary POP displays prior to clocking in for work each day. In other words, Plaintiffs and Class Members are forced to perform work for the benefit of Premium without compensation.

80. Therefore, Premium committed, and continues to commit, the acts alleged herein knowingly and willfully and in conscious disregard of Plaintiffs' and Class Members' rights.

81. As alleged in more detail above, Defendant's standardized policies,

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

practices and procedures resulted in Plaintiffs and Class Members being denied regular pay/minimum wages for regular hours worked by, inter alia, requiring them to work hours off the clock in order to complete their mandated job duties.

82.    California Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

83.    As a direct and proximate result of Defendant's unlawful acts and/or omissions, as alleged herein, Plaintiffs and Class Members have been deprived, and continue to be deprived, of regular pay and mandated minimum wages for regular hours worked in an amount to be determined at trial, are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

84.    Wherefore, Plaintiffs, the California Class, and PAGA Aggrieved Employees request relief as hereinafter provided.

## SECOND CAUSE OF ACTION
**Failure to Provide Overtime Premium Pay**
**Cal. Lab. Code §§ 200, 510, 511, 1194, 1194.2**
**Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiffs, the California Class, and PAGA Aggrieved Employees )**

85.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

86.    California Labor Code § 510(a) provides, in relevant part, as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than

one and one-half times the regular rate of pay for an employee.

87.   California Labor Code § 511(b) provides:

An overtime rate of compensation of no less than double the regular rate of pay of the employee shall be paid for any work in excess of 12 hours per day and for any work in excess of eight hours on those days worked beyond the regularly scheduled workdays established by the alternative workweek agreement.

88.   California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

89.   California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

90.   Pursuant to California Labor Code § 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

91.   Section 3(A) of IWC Wage Order No. 9-2001 provides in pertinent part: ". . . employees shall not be employed more than eight (8) hours in any

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek."

92.    Premium's policy and practice of requiring Plaintiffs and Class Members to perform work off-the-clock is unlawful. Even absent this off-the-clock work, many of Premium's hourly, non-exempt employees, including Plaintiffs, work over eight hours in a day or over forty (40) hours in a week. Accordingly, as a result of Premium's unlawful policy alleged herein of requiring Plaintiffs and Class Members to perform off-the-clock work, Plaintiffs and Class Members work overtime hours for Premium without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

93.    Defendant's conduct, as alleged herein, violates the aforementioned regulations because Defendant failed to properly compensate Plaintiffs and Class Members applicable overtime premium pay for hours worked in excess of eight hours per workday, forty (40) hours per workweek, and applicable double-time premium pay for all hours in excess of twelve (12) hour per workday.

94.    As alleged above, Premium requires non-exempt, hourly employees to perform off-the-clock work, including unpaid overtime work, knowing full well that such work is being performed outside of their paid shifts. Premium has, therefore, knowingly and willfully refused to perform its obligations to compensate Plaintiffs and Class Members for all premium wages for overtime work.

95.    As a direct and proximate result of the aforementioned violations, Defendant damaged Plaintiffs and Class Members in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

96.    Accordingly, Plaintiffs and Class Members are entitled to recover, and hereby seek, the unpaid balance of the full amount of deprived overtime premium pay earned for overtime hours worked, pre- and post-judgment interest, applicable

penalties, attorneys' fees, costs of suit, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 1194; *see also*, Cal. Civ. Proc. Code § 1021.5.

97.    Wherefore, Plaintiffs, the California Class and PAGA Aggrieved Employees request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Authorize, Permit and/or Make Available Meal and Rest Periods**
**Cal. Lab. Code §§ 226.7, 512**
**Cal. Code Regs. tit. 8, § 11090**
**(On Behalf of Plaintiffs, the California Class, and PAGA Aggrieved Employees)**

98.    Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

99.    California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendant to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five (5) hours without a meal period of not less than thirty (30) minutes, and from employing an employee more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten (10) minutes of net rest time per four (4) hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

100.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not authorized and

17

permitted. Similarly, an employer must pay an employee denied a required rest period one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

101. Pursuant to California Labor Code § 1198, the Industrial Welfare Commission provides the maximum hours of work and standard conditions of labor for California employees.

102. Section 11 of IWC Wage Order No. 9-2001 provides in pertinent part:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . .

(C) Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked.

103. Despite these requirements, Defendant failed to authorize and permit Plaintiffs and Class Members to take the timely and compliant off-duty meal periods to which they are entitled. Plaintiffs and Class Members routinely worked through their meal and rest periods.

104. Despite failing to provide Plaintiffs and Class Members required uninterrupted off-duty meal periods, Defendant's standardized policies, practices and procedures systematically denied Plaintiffs and Class Members proper premium pay at the rate of one (1) hour of pay at their regular pay rates for each non-compliant meal period.

105. Accordingly, Plaintiffs and Class Members seek compensation for

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant's failure to authorize and permit meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit, and further request relief as hereafter provided.

106. Wherefore, Plaintiffs, the California Class, and PAGA Aggrieved Employees request relief as hereinafter provided.

### FORTH CAUSE OF ACTION
**Failure to Provide and Maintain Accurate and Compliant Wage Records
Cal. Lab. Code §§ 226, 1174
(On Behalf of Plaintiffs, the California Class, and PAGA Aggrieved
Employees )**

107. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

108. California Labor Code § 1174, which pertains to recordkeeping, states in relevant part:

Every person employing labor in this state shall:

(d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

109. California Labor Code § 226(a) provides as follows:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages

are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

110. California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

111. Premium failed and continues to fail to provide timely, accurate, itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code § 226(a) and the relevant IWC Wage Orders. In particular, the wage statements that Premium provides to employees, including Plaintiffs and Class Members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. Part of the reason for this is that Premium does not count as "hours worked" the off-the-clock time that hourly, non-exempt employees spend performing work activities outside of their scheduled paid shifts.

112. Premium's failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Premium is aware that Plaintiffs and Class Members perform off-the-clock work, Premium systematically fails to include this time worked in Plaintiffs' and Class Members' wage statements.

113. Plaintiffs and Class suffered injury as a result of Premium's knowing and intentional failure to maintain and provide accurate, itemized wage statements to Plaintiffs and Class Members in accordance with Labor Code §§ 226(a) and 1174. In particular, the injury stemming from Premium's violations is evidenced by this live and active dispute regarding unpaid wages, including overtime pay, between the Parties. As a result of Premium's violations, Plaintiffs and Class Members are required to undertake the difficult task of attempting to reconstruct Premium's incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

114. Premium is liable to Plaintiffs and Class Members alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiffs and Class are entitled to an award of attorneys' fees and costs as set forth below.

115. Wherefore, Plaintiffs, the California Class, and PAGA Aggrieved Employees request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Failure to Reimburse Employee for Work Related Expenses**
**Cal. Lab. Code § 2802**
**(On Behalf of Plaintiffs, the California, and PAGA Aggrieved Employees)**

116. All previous paragraphs are incorporated as though fully set forth herein.

117. California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

118. While acting on the direct instruction of Defendant and discharging their duties for Defendant, Plaintiffs and Class Members to use their personal mobile phones to perform work-related tasks throughout the day, including to clock in and out, to provide updates as to the status of their work orders, and to communicate with their supervisors. As a result, Plaintiff Young and Class Members have incurred work-related expenses to pay their mobile phone carriers for the network access and call, text, and data services necessary for them to operate their personal mobile devices to carry out their job duties for Defendant. thereby incurring work-related expenses which Defendant, as a matter of policy, did not reimburse.

119. While acting on the direct instruction of Defendant and discharging

22

their duties for Defendant, Plaintiffs and Class Members also use their personal vehicles and/or utilize public transit to travel between jobsites and deliver "POP" materials to Defendant's customers. As a result, Plaintiffs and Class Members have incurred work-related expenses to pay for gasoline, automobile maintenance, and/or public transit fees to perform their job duties for Defendant.

120. Defendant willfully refused, and continues to refuse, to indemnify Plaintiffs and Class Members for losses incurred in direct consequence of the discharge of their duties for Defendant, in violation of California Labor Code **§** 2802.

121. As a direct and proximate result of Defendant's conduct, Plaintiffs, the California Class, and PAG have suffered substantial losses.

122. By unlawfully failing to reimburse Plaintiffs' and Class Members' business expenses, Defendant is liable for reasonable attorneys' fees and costs under California Labor Code **§** 2802(c).

123. Wherefore, Plaintiffs, the California Class, and PAGA Aggrieved Employees request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Waiting Time Penalties**
**Cal. Lab. Code §§ 201-203**
**(On Behalf of Plaintiffs, the California Class, and PAGA Aggrieved Employees)**

124. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

125. California Labor Code § 201 provides as follows:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

126. California Labor Code § 202 provides as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall

become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

127. California Labor Code § 203 provides as follows:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

128.  Plaintiff Jackson and some Class Members left their employment with Premium during the statutory period, at which time Premium owed them unpaid wages. These earned, but unpaid, wages derive from time spent working through their meal and rest breaks, from time spent outside of their scheduled and paid shifts performing other work-related activities, and overtime compensation that was not accounted for in the performance of off-the-clock work.

129.  Premium willfully refused, and continues to refuse, to provide Plaintiff Jackson and Class Members with payment for off-the-clock work performed, despite knowing full well that the off-the-clock work Plaintiff Jackson and Class Members performed was required.

130.  Accordingly, Premium willfully refused and continues to refuse to pay those Plaintiff Jackson and Class Members who left their employment with Premium all the wages that were due and owing them upon the end of their employment. As a result of Premium's actions, Plaintiff Jackson and Members suffered and continue to suffer substantial losses, including lost earnings and

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

interest.

131. Premium's willful failure to pay these former employees the wages due and owed to them violates Labor Code §§ 201-202. As a result, Premium is liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

132. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty (30) days from the time the wages were due. Therefore, the former employees are entitled to penalties pursuant to Labor Code § 203, plus interest.

133. Wherefore, Plaintiffs, the California Class, and PAGA Aggrieved Employees request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
**Violation of California's Unfair Business Practices**
**Cal. Business & Professions Code §§ 17200, et seq.**
**(On Behalf of Plaintiffs, the California Class, and PAGA Aggrieved Employees)**

134. All previous paragraphs are incorporated as though fully set forth herein.

135. California Business and Professions Code §§ 17200, *et seq*. prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

136. "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

137. "[T]he term person shall mean and include natural persons, corporations, firms, partnerships, joint stock companies, associations and other organizations of persons." Cal. Bus. & Prof. Code § 17201.

138. California Business & Professions Code § 17203 provides that the Court may make such orders or judgements as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

139. As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and

property, in the form of unpaid wages which are due and payable to them.

140.  Business and Professions Code § 17206 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

141.  California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

142.  California Labor Code § 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

143.  Defendant's standardized acts and practices described throughout constitute unfair, unlawful, and fraudulent business practices and unfair competition, within the meaning of the UCL. These acts and practices have, *inter alia*, taken from Plaintiffs and Class Members wages rightfully earned by them, while enabling the Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

144.  As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and Class Members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

145.  Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of themselves, and others similarly situated. Plaintiffs and Class Members seek and are entitled to

unpaid wages, declaratory relief, and all other equitable remedies owing to them. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

146. Wherefore, Plaintiffs, the California Class, and PAGA Aggrieved Employees request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
### Penalties Pursuant to Labor Code §§ 2698, *et seq*.
### (Against Defendant on behalf of the PAGA Aggrieved Employees)

147. Plaintiff Young re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

148. At all relevant times, Plaintiff Young and the PAGA Aggrieved Employees have been non-exempt employees entitled to the protections of both the Labor Code and the Wage Order.

149. During the applicable time period, Defendant violated California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.

150. California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

151. Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff Young and the Aggrieved Employees are entitled to recover civil penalties for each of the Defendant's violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802 during the applicable limitations period in the following amounts:

A. For violations of California Labor Code §§ 201 and 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee for each subsequent, willful

or intentional violation (penalty amounts established by California Labor Code § 210).

B.    For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) per employee for initial violation and one thousand dollars ($1,000.00) per employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

C.    For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each aggrieved employee for each initial violation for pay period for which the employee was underpaid and one hundred dollars ($100.00) for each underpaid employee for each pay period for which the employee was underpaid (penalty amounts established by California Labor Code § 558).

D.    For violations of California Labor Code § 1174, five hundred dollars ($500.00) for each Aggrieved Employee for each initial violation (penalty amounts established by Labor Code § 1174.5).

E.    For violations of California Labor Code § 1197, one hundred dollars ($100.00) for each Aggrieved Employee for each initial and intentional violation and two hundred fifty dollars ($250.00) for each Aggrieved Employee for each subsequent violation, per pay period (regardless of whether the initial violations were intentionally committed) (penalty amounts established by California Labor Code § 1197.1).

F.    For violations of California Labor Code §§ 201, 202, 203, 226.7, 1194, 1198, and 2802, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and the proposed Classes, pray for relief as follows:

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

a.    That the Court find that Premium's policies and practices described above violate California Labor Code §§ 201-203, 226, 226.7 510, 511, 1174, 1182.11, 1194, 1197, 1198, 2802, and 17200;

b.    That the Court award damages, liquidated damages, restitution, and statutory penalties to be paid by Premium for the causes of action alleged herein;

c.    That the Court award to Plaintiffs and the Aggrieved Employees civil penalties as provided herein, including without limitation pursuant to California Labor Code §§ 6428-6430, 2699(a), and 2699(f);

d.    That the Court award interest, costs, and expenses, including reasonable attorneys' fees and expert fees, pursuant California Labor Code § 2699(g)(1), or other applicable law;

e.    That the Court award any and all other applicable civil penalties, as provided by law; and

f.    That the Court order such other and further legal and equitable relief the Court deems just, necessary, and proper.

Dated: August 17, 2023              Respectfully submitted,
                                    BERGER MONTAGUE PC

                                    *s/ Alexandra K. Piazza*
                                    Camille Fundora Rodriguez
                                    Alexandra K. Piazza
                                    Mariyam Hussain
                                    Olivia Lanctot

                                    *Attorneys for Plaintiffs, the Aggrieved Employees, and the putative California Class*

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1

## **JURY DEMAND**

2

Plaintiffs hereby demand a trial by jury on all claims and issues for which

3

Plaintiffs and the Classes are entitled to a jury.

4

5  Dated: August 17, 2023                     Respectfully submitted,
                                             BERGER MONTAGUE PC
6

7                                            *s/ Alexandra K. Piazza*
                                             Camille Fundora Rodriguez
8                                            Alexandra K. Piazza
                                             Mariyam Hussain
9                                            Olivia Lanctot
10

11                                           *Attorneys for Plaintiffs, the Aggrieved*
                                             *Employees, and the putative California*
12                                           *Class*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND REPRESENTATIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL